Bertolet v. O'Donohue.

---

# City Court.

*Trial Term—December,* 1885.

## DANIEL BERTOLET *against* JOSEPH J. O'DONOHUE ET AL.

A merchandise broker, paid for a particular service, cannot recover for commissions on future sales to be made, unless he controls or influences the continued trade of the customers introduced. He cannot recover commissions on future sales to the United States government ; for any contract which implies influence with government officials, not possessed by others, is void. He can recover in such case only for actual services rendered, and not for his supposed influence in respect to future dealings.

Motion for new trial on the minutes.

Bertolet v. O'Donohue.

McADAM, Ch. J.—A merchandise broker who introduces a customer may lawfully contract for commissions. on sales then made and all future sales which may be made to the person so introduced, with this qualification :. that if paid commission on the service actually performed. at the time of the introduction, the broker can recover on subsequent sales only so long as he can control the customer and influence his trade.   If, however, the customer declines to be longer controlled or influenced by the broker, and refuses to make further purchases unless it be at the lowest net prices, without brokerage, and sales are. made in this way, in good faith and without collusion, the broker cannot recover commissions on such subsequent. sales.   To hold otherwise would be to favor the restraint. of trade, and to acknowledge a sort of ownership in the customer by the broker—a principle which no law can recognize.   Such a contract as to commissions on future sales to the United States government is void  as against public policy.   Government officials must solicit sealed proposals for supplies and patronize the lowest responsible bidder, and the contract which implies the existence. of a standing influence over them in favor of any particular person the broker may recommend is contrary to every principle of good  government, and cannot be sanctioned or enforced by any court.   A party may employ a broker to assist in a sale to the government, and may bind himself to pay for services actually rendered in the negotiations, for this is legitimate work,. as some one must conduct the negotiations ; but beyond this, anything looking toward influence which others do not possess, and which seeks to prevent or crush open competition for government work or supplies, introduces a. feature into the contract which neither commends itself in a business or a legal sense.   It is pernicious in its effect, and for this reason illegal.   The plaintiff has been paid. for all services actually rendered, and, for the reasons. stated, cannot recover commissions on the subsequent.

sales for which he claims compensation, and in respect to which he performed no services.

The complaint was properly dismissed, and the motion for a new trial must be denied, but without costs.